**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7786**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

SHAHIEE JERMAINE FLOWERS, a/k/a Munchie,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, Senior District Judge. (1:06-cr-00558-MBS-2; 1:13-cv-00866-MBS)

Submitted: August 27, 2015       Decided: September 24, 2015

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Shahiee Jermaine Flowers, Appellant Pro Se. Jimmie Ewing, John David Rowell, Jane Barrett Taylor, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shahiee Jermaine Flowers appeals from the denial of his 28 U.S.C. § 2255 (2012) motion. We previously granted a certificate of appealability on the issue of whether Flowers received ineffective assistance of counsel when trial counsel failed to object to the district court's unrecorded excusal of a juror outside of Flowers' presence. After receiving and reviewing additional briefing, we affirm the district court's judgment denying relief.[*]

To succeed on his ineffective assistance claim, Flowers must show that: (1) counsel's failure to object fell below an objective standard of reasonableness, and (2) counsel's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court recently addressed the standard for establishing prejudice arising from a trial court's exclusion of the defendant and counsel from a proceeding involving the composition of the jury. See Davis v. Ayala, 135 S. Ct. 2187 (2015) (analyzing whether § 2254 petitioner suffered "actual prejudice" from trial court's exclusion of defense counsel from proceeding under Batson v. Kentucky, 476 U.S. 79 (1986)). Under Ayala, a defendant suffers

---

[*] We denied a certificate of appealability with respect to Flowers' claim that counsel rendered ineffective assistance by not requesting a paid-informant instruction.

actual prejudice from the exclusion of counsel from a proceeding involving the composition of the jury if counsel's presence at the proceeding would have permitted counsel to advance a potentially successfully argument against the excusal of the juror. Ayala, 135 S. Ct. at 2199, 2201, 2204-06.

Under the prejudice standards of Strickland and Ayala, Flowers bears the burden of demonstrating a reasonable probability that, had counsel objected to the trial court's excusal of the juror, counsel could have advanced a successful argument against the juror's excusal. We have reviewed the record and the briefs on appeal, and conclude that Flowers has not made the requisite showing.

Accordingly, we affirm the district court's judgment with respect to Flowers' ineffective assistance of counsel claim based on counsel's failure to object to the excusal of a juror. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED